**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 26, 2020

LETTER TO COUNSEL

    RE:    *Timothy F. v. Saul*
             Civil No. SAG-19-2524

Dear Counsel:

On September 1, 2019, Plaintiff Timothy F. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 11, 12, 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a previous denial, Plaintiff filed this claim for benefits on October 20, 2015, alleging a disability onset date of October 17, 2015. Tr. 232-33. His claim was denied initially and on reconsideration. Tr. 125-28, 130-31. A hearing was held on October 1, 2018, before an Administrative Law Judge ("ALJ"). Tr. 32-68. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 13-26. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "status post bilateral rotator cuff repair; osteoarthritis, status post left hip replacement; mild degenerative spondylosis/ mild degenerative disc disease; depression; and anxiety." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: require no more than occasional posturals except no climbing ladders, ropes, or scaffolds; requires no overhead reaching bilaterally; requires no more than frequent handling or fingering bilaterally; avoids concentrated exposure to extreme cold, vibration, and hazards; involves only simple, routine, and repetitive tasks that are low stressed in nature, defined as no more than occasional decision making, occasional changes in the

>  work setting, and no strict production quotas; and involves no more than occasional interaction with supervisors, coworkers, or the general public.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a construction worker, janitor, cheese maker, or electrician, but that he could perform other jobs available in significant numbers in the national economy. Tr. 25-26. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

Plaintiff raises three primary arguments on appeal: (1) that the ALJ failed to appropriately consider Plaintiff's age; (2) that the ALJ failed to properly apply the Medical-Vocational Guidelines; and (3) that the ALJ should have limited Plaintiff to sedentary work. ECF No. 11 at 7-9. These arguments lack merit for the following reasons.

First, Plaintiff argues that "[t]he [ALJ] failed to consider Plaintiff's then closely approaching advanced age according to 20 CFR Section 404.1563(d)." *Id*. at 7. The regulations define a "[p]erson closely approaching advanced age" as aged 50-54, and instruct an ALJ to "consider that [such a claimant's] age along with a severe impairment(s) and limited work experience may seriously affect [his] ability to adjust to other work." 20 C.F.R. § 404.1563(d). Here, the ALJ noted that Plaintiff "was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date." Tr. 25 (citing 20 C.F.R. § 404.1563). The ALJ further applied Medical-Vocational rule 202.14, Tr. 26, which specifically applies to claimants "[c]losely approaching advanced age," 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 202.14. In addition to age, Rule 202.14 factors the claimant's exertional RFC level (light), education level ("high school graduate or more") and transferable skills ("skilled or semi-skilled – skills not transferable"), and concludes that such a claimant is "not disabled."[1] *Id*. Therefore, Plaintiff's argument that the ALJ failed to consider his age is simply incorrect. Moreover, although he argues that "[his] age, along with work experience and other factors, seriously affect his ability to work," ECF No. 13 at 2, Plaintiff does not support his assertion or suggest limitations that the ALJ should have included due to age.

Next, Plaintiff argues that the ALJ inappropriately applied the Medical-Vocational rules. ECF No. 11 at 7. Specifically, Plaintiff contends that "Plaintiff's exertional capacity was significantly reduced" by the RFC's many limitations, and therefore, the ALJ should have applied the sedentary rules, rather than the light rules. *Id.* (citing Social Security Rulings ("SSRs") 83-12 and 83-14). Plaintiff's argument is flawed in at least two ways. First, exertional limitations refer to "the strength demands for sitting, standing, walking, lifting, carrying, pushing, and pulling." 20 C.F.R. § 404.1569a(a). The additional RFC limitations that Plaintiff asserts "significantly reduced" his exertional capacity –no more than occasional posture movements, no climbing

---

[1] The ALJ assessed nonexertional limitations in addition to the exertional limitation to light work and therefore properly consulted a VE in addition to the Medical-Vocational Guidelines. Tr. 18, 25-26, 61-62; *see* 20 C.F.R. § 404.1569a(d); SSR 83-14, 1983 WL 31254, at *3-4 ("Where a person cannot be found disabled based on strength limitations alone, the rule(s) which corresponds to the person's vocational profile and maximum sustained exertional work capability . . . will be the starting point to evaluate what the person can still do functionally.").

ladders, ropes, or scaffolds, no overhead reaching, no more than frequent handling or fingering, avoiding concentrated exposure to extreme cold, vibration, and hazards – are nonexertional limitations under the regulations.  *See id*. § 404.1569a(c)(iv)-(v)  (providing examples of nonexertional limitations, including "difficulty tolerating some physical feature(s) of certain work settings . . . [like] tolerat[ing] dust or fumes" and "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching").  In other words, the ALJ found that Plaintiff was capable of performing the exertional requirements of light work[2] with additional nonexertional limitations; therefore, the ALJ did not err by applying the light exertional Medical-Vocational rules.  Additionally, Plaintiff's reliance on SSRs 83-12 and 83-14 is misplaced.  SSR 83-12 is inapplicable to Plaintiff's case because it addresses situations where the claimant has only exertional limitations.  *See* SSR 83-12, 1983 WL 31253, at *1 (identifying as the ruling's purpose, "[t]o clarify policies applicable in using the numbered table rules in Appendix 2 of Subpart P of the regulations as a framework for adjudicating claims in which an individual has only exertional limitations").  Here, Plaintiff had both exertional and nonexertional RFC limitations.  The ALJ complied with SSR 83-14 by first applying the Medical-Vocational rules based on Plaintiff's exertional limitations and then consulting a VE to determine the extent that the nonexertional limitations eroded the occupational base.  *See* SSR 83-14, 1983 WL 31254 (explaining how the Medical-Vocational rules are utilized as a framework when a claimant has both exertional and nonexertional limitations).

Finally, Plaintiff challenges the ALJ's RFC assessment and argues that he should have been limited to sedentary work because of his limitations with standing and walking.  ECF No. 11 at 8.  For support, Plaintiff cites to his hearing testimony and generally to treatment records and consultative examinations.  *Id*. (citing Exhs. 2F, 4F, 5F, 7F, 12F, 20F, 23F).  The ALJ summarized Plaintiff's hearing testimony, his medical treatment records, consultative examinations, and the opinion evidence.  Tr. 19-24.  The ALJ specifically discussed Plaintiff's back, hip, and knee pain, and supportably found that his limitations did not preclude light work.  *See, e.g.*, Tr. 20 ("Examinations showed some reduced strength and range of motion but normal coordination and normal gait"); *id*. ("He was not treated for any back or hip pain in 2015"); Tr. 21 ("He also had normal gait, 5/5 upper and lower extremity strength, and intact sensation, and he was able to fully squat and tandem walk."); *id*. (noting that examinations "generally showed normal range of motion of the spine with no pain, normal muscle tone, full range of motion of the shoulder with pain, good balance and coordination, 5/5 upper and lower extremity strength, intact sensation, and no edema."); Tr. 22 (noting that "examinations failed to show any gait issues or need for an assistive device").  Plaintiff essentially asks for the Court to reweigh the evidence, which it is not allowed to do.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456

---

[2] Generally, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

*Timothy F. v. Saul*
Civil No. 19-2524-SAG
June 26, 2020
Page 4

(4th Cir. 1990). Here, the ALJ supported his conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 12, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge